

**MOTION FOR TEMPORARY RESTRAINING ORDER**

**INTRODUCTION**

Plaintiff moves this Court under Fed. R. Civ. P. 65(b) for an immediate Temporary Restraining

Order to halt Defendants' unconstitutional "Bring Your Own Device" (BYOD) policy. As of August 8,

2025, the school is actively scheduling device configuration appointments to start on August 15, 2025.

Records show almost 100 families have already scheduled appointments, with more being added daily.

Each appointment is the direct result of a policy that coerces families into "consenting" to a warrantless

search of their private devices, permanent deletion of personal files, and installation of 24/7 government

surveillance software. (Exhibit C).

While CSPES enrolls approximately 500 students, Defendants' governing body, Chesapeake

Lighthouse Foundation (CLF), operates multiple schools serving over 4,000 students. If the policy

extends beyond CSPES, the scope of the constitutional violations will multiply eightfold—affecting

thousands of families district-wide.

This is not a hypothetical future harm—it is happening now. Every configured device results in the

irreversible destruction of private files and the installation of monitoring tools with administrative control

over family-owned hardware. Each hour of delay means more families lose constitutional rights that

cannot be restored.

**LEGAL STANDARD**

A TRO should issue when: (1) the movant shows likelihood of success on the merits; (2) the movant will

suffer irreparable harm without relief; (3) the balance of hardships favors the movant; and (4) the

injunction serves the public interest.

**ARGUMENT**

**I. Plaintiff Is Likely to Succeed on the Merits**

The BYOD policy facially violates multiple constitutional and statutory protections:

   a. **Fourth Amendment**: Mandatory deletion of all personal files and installation of surveillance

     software on family-owned devices constitutes warrantless search and seizure (Exhibit B)

1

b.  **Unconstitutional Conditions**: Public education cannot be conditioned on surrendering core constitutional rights

c.  **Fourteenth Amendment Due Process:** Destroying personal property without compensation or any meaningful process violates procedural due process (Exhibit B)

d.  Maryland Law: The policy violates Maryland Education Code § 7-308 and Article 24 of the Maryland Declaration of Rights

Defendants were explicitly warned of these violations on July 22, 2025, yet proceeded anyway, demonstrating willful constitutional violations (Exhibit D).

**II. Plaintiff Will Suffer Irreparable Harm**

Constitutional violations constitute irreparable harm per se. Here, the harm is both imminent and ongoing:

a.  **Fourth Amendment:** If Plaintiff submits his Chromebook for configuration, all personal files—including private family photographs, documents, and communications—will be permanently deleted. (Exhibit B)

b.  **Fourth Amendment & Md. Educ. Code § 7-308:** Configuration installs Google education controls and GoGuardian monitoring, enabling 24/7 government surveillance of all activity on the device within Plaintiff's home. (Exhibit E)

c.  **Fourteenth Amendment & Md. Const., Art. 24:** If Plaintiff refuses, his daughter A.E. will be denied access to digital assignments, computer-based assessments, and key curriculum components, resulting in lost learning time that cannot be recovered.

d.  **Fourth & Fourteenth Amendments:** Compliance requires agreeing to a warrantless search and permanent administrative control over private property as a condition of receiving public education.

The harm is not limited to Plaintiff:

a.  **Fourth & Fourteenth Amendments & Md. Educ. Code § 7-308:** Records show almost 100 configuration appointments scheduled as of August 15, 2025, with more added daily. (Exhibit C)

b. **Fourth Amendment & Md. Educ. Code § 7-308:** Each appointment represents permanent data destruction and installation of a government-controlled surveillance system in a family home.

c. **Fourth & Fourteenths & Md. Const., Art. 24:** If the policy is adopted across other Chesapeake Lighthouse Foundation schools, up to 4,000 students could face the same coercive conditions, multiplying the scale of rights violations.

The configuration process is underway now. Every completed appointment locks in irreversible harm for another family. Without immediate intervention, the damage will rapidly escalate.

**III. Balance of Hardships Favors Plaintiff**

Plaintiff faces the permanent loss of constitutional rights, destruction of personal property, and denial of equal educational access. Defendants face only the inconvenience of:

a. Reverting to their prior practice of providing school devices (a system they successfully used for three years)

b. Employing network-level filtering rather than invasive device-level surveillance

c. Adopting any of numerous less intrusive, lawful alternatives already used throughout AACPS

The school has already demonstrated it can operate effectively without this policy. The only articulated reasons for maintaining it are cost savings and administrative convenience for school officials—neither of which can outweigh the protection of fundamental constitutional rights.

**IV. Public Interest Favors an Injunction**

The public interest always favors:

a. Preventing ongoing and future constitutional violations

b. Safeguarding children's privacy and dignity in both school and home settings

c. Preserving equal access to public education without financial or privacy-based barriers

d. Ensuring that government actors remain accountable to the law and the communities they serve

Allowing this policy to stand undermines these core principles. No public interest is served by permitting the government to violate the Constitution, particularly where the only stated justification is cost savings

and administrative convenience for school officials. (Exhibit B). Halting the policy now not only protects

Plaintiff's family but also shields thousands of other AACPS students and families from identical harm.

**IMMEDIATE AND IRREPARABLE HARM**

This matter cannot wait for a preliminary injunction hearing because the constitutional violations are not

theoretical and they are happening now:

    a.   Plaintiff and his daughter, A.E., face imminent and irreparable harm because if they comply, their

        personal device will be permanently altered, private family data erased, and household privacy

        compromised

    b.   If they refuse, A.E. will be denied equal access to assignments, assessments, and required

        curriculum

    c.   Each day of delay means more families—including Plaintiff's—suffer irreversible loss of

        constitutional protections

Defendants' August 8 newsletter and August 15 appointment scheduling confirm active implementation

despite explicit notice of constitutional violations on July 22, 2025 (Exhibits C and D). Their deliberate

indifference, while violations continue and expand daily, makes immediate judicial intervention the only

means to halt ongoing and escalating harm.

**REQUESTED RELIEF**

Plaintiff respectfully requests that this Court immediately:

    1.   ENJOIN Defendants from enforcing or implementing the CSPES BYOD policy in any form,

        pending final resolution of this case.

    2.   ENJOIN Defendants from enforcing or implementing any substantially similar or equivalent

        BYOD policy—at any school in the district—that conditions student access to education on the

        surrender or configuration of privately-owned devices, where such a policy could affect as many

        as 4,000 students across Chesapeake Lighthouse Foundation schools, as reflected in AACPS's

        MPIA response of July 8, 2025 (Exhibit C).

3. ENJOIN Defendants from requiring installation of monitoring or surveillance software on personal devices as a prerequisite for educational participation.

4. ENJOIN Defendants from mandating deletion of personal files from family-owned devices.

5. ENJOIN Defendants from excluding any student from educational activities, assessments, or curriculum based on refusal to submit personal devices for government configuration.

6. ORDER Defendants to permit students to participate fully in education through constitutionally adequate alternatives, leaving to Defendants' discretion which alternative(s) to implement, such as:

    a. Allowing use of unmanaged personal devices with network-level content filtering;

    b. Providing access through existing school computer labs;

    c. Offering paper-based alternatives for digital assignments;

    d. Continuing the prior practice of providing school-owned devices;

    e. Any other method that does not require surrender of constitutional rights.

7. ORDER Defendants to immediately suspend all device configuration appointments, cancel existing appointments, and cease scheduling new appointments pending resolution of this case.

8. ORDER Defendants to provide written notice to all affected families stating that the BYOD policy and configuration process are suspended by court order and that no personal devices should be surrendered for configuration until further notice.

9. REQUIRE Defendants to file, within seven (7) days, an affidavit certifying compliance with this Order, including proof that written notice of the suspension was provided to all affected families.

10. SCHEDULE an immediate hearing on preliminary injunction within ten (10) days.

11. Plaintiff respectfully requests that the Court authorize limited expedited discovery, pursuant to Federal Rule of Civil Procedure 26(d)(1), for good cause shown. This discovery is necessary to determine the scope of Defendants' challenged BYOD policy and whether it is being implemented across other schools operated by Chesapeake Lighthouse Foundation. Without such

5

discovery, Plaintiff will be unable to present the Court with a complete record regarding the

breadth and impact of the policy when the Court considers ongoing injunctive relief.

**REQUEST FOR NOMINAL BOND OR WAIVER PURSUANT TO FED. R. CIV. P. 65(c)**

Plaintiff respectfully requests that the Court waive the Rule 65(c) bond requirement entirely, as this public

interest case seeks to prevent ongoing constitutional violations, presents no risk of monetary harm to

Defendants, and involves no private commercial interest.

**VERIFICATION FOR MOTION FOR TEMPORARY RESTRAINING ORDER**

I, David Escobar Jr., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am the Plaintiff in this action and the parent of A.E., a minor child enrolled at Chesapeake Science Point Elementary School for the 2025–2026 school year.

2. I have personal knowledge of the facts stated in this Motion for Temporary Restraining Order, except where indicated to be based on information and belief, and those facts are true to the best of my knowledge.

3. As of August 15, 2025, the school has begun implementing the BYOD policy by accepting and scheduling configuration appointments for personal devices. Nearly 100 families have already scheduled such appointments, with more being added daily.

4. Each configuration appointment requires families to surrender personal property for warrantless search, permanent deletion of personal files, and installation of 24/7 government surveillance software.

5. Once my personal files or those of other families are deleted, they cannot be restored. Once the surveillance software is installed, privacy is permanently compromised.

6. School starts within weeks. Without court intervention, A.E. will either be forced to submit our family's private property for these actions or be denied full access to educational opportunities, resulting in irreparable harm to both her education and our constitutional rights.

7. The facts stated in this Motion are true and correct to the best of my knowledge, information, and belief.

Executed this _11_ day of August, 2025, in _Green belt_, Maryland.

David Escobar Jr.

Plaintiff