# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID ESCOBAR JR.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No.: 1:25-cv-02645-ABA |
| v. | ) |
| | ) |
| **TABATHA CAMACHO,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Defendants Yilmaz Zayn Ak, Tabatha Camacho, Dr. Mark Bedell, Board of Education of Anne Arundel County, Chesapeake Lighthouse Foundation, and the Chesapeake Lighthouse Foundation Board of Directors (collectively, the "Defendants"), by counsel, pursuant to FED. R. CIV. P. 12(b)(1) and 65(b), hereby submit the following Opposition to Plaintiff David Escobar Jr.'s ("Plaintiff" or "Escobar") Motion for Temporary Restraining Order ("TRO") and state as follows:

## I.     INTRODUCTION

Plaintiff seeks the extraordinary remedy of a temporary restraining order based on claims regarding Chesapeake Science Point Elementary School's ("CSPES") voluntary Bring Your Own Device ("BYOD") program. Plaintiff incorrectly asserts that his daughter, A.E., was required to provide or configure a personal device for school use. As confirmed by the accompanying Declaration of Dr. Tabatha Camacho, referenced below, the school issued Plaintiff's daughter a Chromebook free of charge, and she has never been required to use, submit, or register any personal device. The BYOD program, while encouraged, has always been optional, and the updated policy implemented in October 2025 expressly reaffirms that any student who needs a

1

device will be provided with one at no cost.

Because Plaintiff and his child have not suffered any injury and face no imminent threat of harm, his Motion rests purely on a hypothetical dispute. There is no basis for judicial intervention in a voluntary school program, and the extraordinary relief requested should be denied for the reasons set forth in detail below.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 65 authorizes federal courts to issue temporary restraining orders and preliminary injunctions." *Sarsour v. Trump*, 245 F.Supp.3d 719, 728 (E.D.Va. 2017). "'The standard for granting either a TRO or a preliminary injunction is the same.'" *Id*. (quoting *Moore v. Kempthorne*, 464 F.Supp.2d 519, 525 (E.D.Va. 2006) (citation omitted) (internal quotation marks omitted)). "Both are 'extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances.'" *Id*. (quoting *MicroStrategy Inc. v. Motorola*, 245 F.3d 335, 339 (4th Cir. 2001)). "The movants bear the burden to establish that (1) they are likely to succeed on the merits of their case; (2) they are likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in their favor; and (4) an injunction would be in the public interest." *Id*. (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997)).

## III. ARGUMENT

### A. Escobar Lacks Article III Standing to Challenge the BYOD Policy

As a threshold matter, in order for a plaintiff to obtain the relief requested in a motion for temporary restraining order, he must first demonstrate that he has standing to challenge the policy at issue. *Sarsour*, 245 F.Supp.3d at 729 ("In order to obtain the requested injunction, Plaintiffs must first demonstrate that they have standing to challenge [the executive order]."). "'Standing

doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake.'" *Id*. (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl, Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000)).

> To establish standing, a plaintiff must set forth specific facts to demonstrate that (1) he has suffered an injury in fact…which is (1) concrete and particularized…and (b) actual or imminent, not conjectural or hypothetical; (2) there exists a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id*. (internal citations and quotations omitted).

As explained in detail in Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff lacks standing to bring the subject lawsuit. The allegations in this case are comparable to those in *John and Jane Parents 1 v. Montgomery County Board of Education*, 78 F.4th 622 (4th Cir. 2023). For example, in *John and Jane Parents 1*, parents of children attending a public school system in Maryland filed suit for purposes of challenging a school policy that permitted "school officials to develop gender support plans and then withhold information about a child's gender support plan from their parents." 78 F.4th at 626. The parents' basis for the lawsuit was that the policy "unconstitutionally usurp[ed] the parents' fundamental right to raise their children under the Fourteenth Amendment." *Id*. On appeal, the U.S. Court of Appeals for the Fourth Circuit vacated the U.S. District Court for the District of Maryland's order and remanded the case to be dismissed on the basis that the parents failed to "allege a current injury, a certainly impending injury or a substantial risk of future injury[]" and as a result, failed to allege Article III standing. *Id*. at 636.

More specifically, the court reasoned that the parents failed to allege a current injury because none of them "alleged any of their children ha[d] gender support plans[]" or "that their

3

children [] had any discussions with school officials about gender-identity or gender-transition issues." *Id*. at 629. "The closest the parents [came] to asserting a current injury [was] opining that [f]or all [they] [knew], some of their own children *could* [*have been*] a part of the 300 students with a gender support plan[,]" which the court found did not establish a current injury. *Id*. (internal quotations omitted). Next, the closest the parents came to alleging a "certainly impending injury or a substantial risk of future harm" from the policy was alleging that "[f]or all [they] [knew], their children might soon be subject to a gender support plan that is withheld from them." *Id*. at 630 (internal quotations omitted). The court stated, "[w]ithout more, any risk of future injury alleged by the parents is far more attenuated than what the Supreme Court has allowed.[]" and that "[t]he parents' claims [] depend on a speculative fear, the occurrence of which requires guesswork as to the actions of others." *Id*. at 630-31.

Like in *John and Jane Parent 1*, Escobar has failed to allege a current injury. As reflected in the Declaration of Dr. Tabatha Camacho, which is attached hereto as Exhibit 1, CSPES provided Escobar's daughter A.E. with a school-issued Chromebook free of charge. *See also* Exhibit 2 (A.E. Device Use Agreement). The allegations in the Complaint that "[t]o comply with the BYOD policy, A.E. will use a personal laptop owned and maintained by [Escobar]" (Compl., at ¶ 37) and that it "is not school-issued property; it is private property used for household and personal purposes[]" (*id*.) are factually incorrect. At no point in time has CSPES or any of the Defendants required A.E. to use or configure a personal device. Exs. 1 and 2. Additionally, Escobar has failed to allege a certainly impending injury or a substantial risk of future harm. Like in *John and Jane Parent* 1, even if Escobar alleged in the Complaint that for all he knows, his child could be required to use a personal device at some point (he does not), this would be far too attenuated and based entirely on speculative fear on what school administrators might require in the future.

And as reflected by the updated BYOD policy implemented by CLF in October 2025, the policy now clearly states that while "[f]amilies are strongly encouraged to send a Chromebook for continuity between home and school; <u>the school will provide a device for in-school use at no cost</u> when needed." <u>Exhibit 3</u> (emphasis added). Not only does this further show that there is no certainly impending injury or substantial risk of future harm, but it also demonstrates that any court intervention will not redress the alleged harm given that (1) A.E. is already using a school laptop free of charge and (2) the BYOD policy is not mandatory.[1] At bottom, Escobar and A.E. have no injury and as a result no standing to bring this lawsuit. Accordingly, as a threshold matter, Escobar's Motion for Temporary Restraining Order must be denied without even getting to its merits.

### B.     <u>The Issues Raised in Escobar's Motion are Moot</u>

As explained in Defendants' Motion to Dismiss Plaintiff's Amended Complaint, "[a] case becomes moot—and therefore no longer a 'Case' or 'Controversy' for Article III purposes—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 88 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*) (some internal quotation marks omitted)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id*. (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)).

---

[1] It is important to note that the BYOD policy never was mandatory. As reflected in the original BYOD policy attached to the Amended Complaint as Exhibit A, there was always an option to rent a school-issued device. However, the updated policy further clarifies that if a family chooses to opt out of using a personal device, there is an option where the school will provide a device at no cost. <u>Ex. 3</u>.

The Supreme Court has "recognized, however, that a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Id*. (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982)). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Id*. "Given this concern, [the Supreme Court's] cases have explained that 'a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id*. (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

For example, in *Caroline County Branch of NAACP v. Town of Federalsburg, Maryland*, the plaintiffs, "[a] coalition of individual Black voters and two civil rights organizations" filed a lawsuit against the Town of Federalsburg, Maryland, alleging violations of the Voting Rights Act of 1965 ("VRA") pertaining to the town's "staggered-term election system." 702 F.Supp.3d 410, 411 (D.Md. 2023). Prior to and during the litigation, "the Town took steps to replace its election system with one that would assure greater electoral opportunity for Black Federalsburg residents." *Id*. An election was then held with "the new district-based system" and "Black Federalsburg residents won seats on the Town Council for the first time in the Town's 200-year history." *Id*. Despite the positive election outcome, the plaintiffs pushed forward with the lawsuit on the basis that "the Town's prior at-large election system violated the VRA" and asked for nominal damages. *Id*. The court found the case moot because the changes to the prior electoral system "eliminated the chief offending features of the Town's challenged system, and gave the Plaintiffs precisely what they sought in their Complaint." *Id*. at 415 (internal citations and quotations omitted).

The court further stated, "Plaintiffs' renewed request for a judgment on the Town's past election practices thus seeks 'an advisory opinion as to the legal status of an effectively defunct electoral system.'" *Id*. (quoting *Holloway v. City of Va. Beach*, 42 F.4th 266, 275 (4th Cir. 2022)). "Under well-established principles of justiciability, the Court has no power to render such an opinion and must dismiss this case as moot." *Id*.

Here, there never was an actual controversy with Escobar or his child's particular legal rights because (1) the BYOD policy was never mandatory (*see* Compl., at Ex. A and Exs. 1-3) and (2) Escobar never provided a personal device or had a personal device configured by CSPES as CSPES provided A.E. with a Chromebook for use free of charge (*see* Ex. 1-2). The issues raised in the Complaint were never issues as to Escobar or A.E. and therefore the case is moot. To be clear, unlike the opinion in *Caroline County Branch of NAACP*, Defendants do not concede that there are or ever were any offending features about the BYOD policy, given that while it was always strongly encouraged, it was still voluntary as evidenced by the rental program option. *See* Compl., at Ex. A and Exs. 3. Notwithstanding this, Defendants took the initiative to further clarify the BYOD policy emphasizing that while it is encouraged for families to use personal devices, it is by no means mandatory, and CSPES will provide families with school-issued devices for no cost. *See* Ex. 3 ("Families are strongly encouraged to send a Chromebook for continuity between home and school; the school will provide a device for in-school use at no cost when needed."). For these reasons, the issues raised in Plaintiff's Motion for TRO are moot and the Motion must be denied.

### C. Plaintiff Does Not Have a Likelihood of Success on the Merits

"As to likelihood of success on the merits, [a]lthough plaintiffs need not establish a certainty of success, they must make a clear showing that they are likely to succeed at trial." *Charm*

*City Hemp, LLC v. Moore*, No., 2025 WL 2165173, at *8 (D.Md. Jul. 30, 2025) (internal quotations omitted). Plaintiff alleges a number of constitutional violations, all of which are not likely to succeed on the merits:[2]

1. **Fourth Amendment Search and Seizure**

"The Fourth Amendment to the United States Constitution provides that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized.'" *United States v. Matish*, 193 F.Supp.3d 585, 602 (E.D.Va. 2016) (quoting U.S. Const. amend. IV.). The Fourth Circuit has held that "individuals generally have a reasonable expectation of privacy in the contents of their home computers." *United States v. Darby*, 190 F.Supp.3d 520, 529 (E.D.Va. 2016). However, here, as explained above, CSPES provided Escobar's daughter A.E. with a school-issued Chromebook free of charge. *See* Exs. 1-2. The allegations in the Complaint that "[t]o comply with the BYOD policy, A.E. will use a personal laptop owned and maintained by [Escobar]" (Compl., at ¶ 37) and that it "is not school-issued property; it is private property used for household and personal purposes[]" (*id.*) are factually incorrect. At no point in time has CSPES or any of the Defendants required A.E. to use or configure a personal device. Exs. 1 and 2. Accordingly, Plaintiff's 4th Amendment claim lacks merit because CSPES has never been in possession of a personal device belonging to Plaintiff or his child. Plaintiff's Motion for TRO must be denied.

---

[2] Defendants address herein the claims raised by Plaintiff in his Motion for Temporary Restraining Order.

### 2. Unconstitutional Conditions Doctrine

"Under the unconstitutional conditions doctrine, 'the government may not deny a benefit to a person because he exercises a constitutional right.'" *Menk v. MITRE Corporation*, 713 F.Supp.3d 113, 178 (D.Md. 2024) (quoting *Regan v. Tax'n With Representation of Wash.*, 461 U.S. 540, 545 (1983)). Here, Plaintiff has not been denied any benefit by Defendants and his child's public education has not been "conditioned on surrendering core constitutional rights[]" as he alleges. Motion for TRO, at p. 2. As explained, CSPES provided A.E. with a school-issued Chromebook free of charge for her to perform her educational activities and studies. *See* Exs. 1 and 2. For this reason, Plaintiff's unconstitutional conditions doctrine claim will not succeed on the merits. Plaintiff's Motion for TRO must be denied.

### 3. Fourteenth Amendment Due Process

"'The Fourteenth Amendment prohibits the States from 'depriv[ing] any person of life, liberty, or property without due process of law.'" *Todman v. Mayor and City of Council of Baltimore*, 631 F.Supp.3d 314, 327 (D.Md. 2022) (quoting *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 145 (4th Cir. 2014) (quoting U.S. Const. amend. XIV), "'Due process contains both substantive and procedural components[,]' and the procedural component 'prevents mistaken or unjust deprivation[.]'" *Id*. (citing *Zinerman v. Burch*, 494 U.S. 113, 110 (1990)). "To establish a violation of procedural due process, a plaintiff must satisfy three elements: (1) 'a constitutionally cognizable life, liberty, or property interest'; (2) a 'deprivation of that interest [] caused by some form of state action'; and (3) 'that the procedures employed were constitutionally inadequate.'" *Id*. (quoting *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (internal quotation marks and citations omitted)). There is a recognized property interest in peoples' "ownership interest in their personal belongings." *Id*. However, Plaintiff's claim is

unlikely to succeed on the merits because Defendants have not deprived Plaintiff of any of his personal belongings. As explained above in detail, CSPES provided A.E. with a school-issued device free of charge and Plaintiff was never required to submit any personal devices to the school for configuration. Plaintiff's Motion for TRO must be denied.

> **4. Maryland Education Code § 7-308 and Article 24 of Maryland Declaration of Rights**

Pursuant to Maryland Education Code § 7-308, "[a] principal, assistant principal, or school security guard of a public school may make a reasonable search of a student on the premises … if the searcher has a reasonable belief that the student has in the student's possession an item, the possession of which is a criminal offense under the laws of this State or a violation of any other State law or regulation of the county board." Plaintiff's claim of violation of Maryland Education Code § 7-308 cannot succeed on the merits because Defendants never searched any personal possessions of Plaintiff or A.E., as explained above.

"Article 24 of the Maryland Declaration of Rights is entitled 'Due Process' and holds '[t]hat no man ought to be taken or imprisoned or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land.'" *Graham v. Maryland*, 738 F.Supp.3d 644, 653 (D.Md. 2024) (quoting Md. Const., Decl. of Rts., art. 24). Plaintiff's Article 24 claim will not succeed on the merits for the same reasons set forth above—CSPES provided A.E. with a school-issued device free of charge and Plaintiff never was required to submit any personal devices to the school for configuration. Plaintiff's Motion for TRO must be denied.

> **D. Plaintiff Will Not Suffer Irreparable Harm**

"'To establish irreparable harm, the movant must make a 'clear showing' that it will suffer harm that is 'neither remote nor speculative, but actual and imminent.'" *Maryland v. U.S. Dept. of*

*Agric.*, 770 F.Supp.3d 779, 813 (D.Md. 2025) (quoting *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 216 (4th Cir. 2019) (internal quotations omitted)). "Further, the harm must be irreparable, meaning that it cannot be fully rectified by the final judgment after trial." *Id*. (internal quotations omitted). Plaintiff has no injury and is not at actual or imminent risk of suffering injury. Contrary to Plaintiff's allegations, CSPES provided A.E. with a school-issued device free of charge and Plaintiff was never required to submit any personal devices to the school for configuration, as explained above. Plaintiff's Motion for TRO must be denied.

### E. The Balance of Hardship Does Not Favor Plaintiff

"In order to obtain the requested injunction, [a plaintiff] must establish, separately from any showing of irreparable harm, that the 'balance of equities' weighs in their favor." *Sarsour*, 245 F.Supp.3d at 740. "In determining whether plaintiffs have made that showing, [i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' *Id*. (internal quotations omitted). In his Motion for TRO, Plaintiff alleges that he "faces the permanent loss of constitutional rights, destruction of personal property, and denial of equal educational access." As explained in detail above, this is false as Plaintiff's child was provided with a school-issued device free of charge and Plaintiff was never required to provide any of his personal devices to the school for configuration or for any other reason. At bottom, Plaintiff has faced no hardship.

In contrast, Defendants would face significant hardships. As set forth in CLF's BYOD Policy (*see* Compl., at Ex. A and Ex. 3), CSPES implemented the optional BYOD program because the time-limited federal funds the school received during the COVID-19 pandemic, which were previously used to purchase many devices, have since expired. By allowing families to participate

voluntarily, the program reduces the number of devices the school must purchase. If the Court were to grant Plaintiff's requested relief, CSPES would likely be forced, mid-school year, to locate funding it no longer has in order to purchase additional devices for families who currently choose to use personal ones. Such an order would also disrupt teachers' ability to proceed with coursework as planned and interfere with students' education, all because of one parent's objections to a voluntary program that has caused neither him nor his child any harm. For these reasons, Plaintiff's Motion for TRO must be denied.

### F. Public Interest Does Not Favor Injunction

Plaintiff must also establish that "the issuance of an injunction is in the public interest." *Sarsour*, 245 F.Supp.3d at 742. "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id*. (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (internal quotations omitted)). For the same reasons as set forth in the above section, Plaintiff has "not established that the public interest favors issuance of immediate relief in this action." *Id*.

### V. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants Yilmaz Zayn Ak, Tabatha Camacho, Dr. Mark Bedell, Board of Education of Anne Arundel County, Chesapeake Lighthouse Foundation, Chesapeake Lighthouse Foundation Board of Directors respectfully request that this Honorable Court deny Plaintiff's Motion for Temporary Restraining Order and award any such further relief as the Court deems just and necessary.

Dated: November 5, 2025                         Respectfully submitted,

                                                                             */s/ Jenna N. Van Middelem*
                                                                             Kelly M. Lippincott, Esq. (15931)
                                                                             Jenna N. Van Middelem, Esq. (30403)
                                                                             GORDON REES SCULLY MANSUKHANI, LLP

277 S. Washington Street, Suite 550
Alexandria, VA 22314
202.399.1009
202.800.2999 (Facsimile)
klippincott@grsm.com
jvanmiddelem@grsm.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 5, 2025 copies of the foregoing were e-filed and served on all parties via the Court's e-filing system.

*/s/ Jenna Van Middelem*
Jenna Van Middelem