# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID ESCOBAR JR.**<br><br>**Plaintiff,**<br><br>v.<br><br>**TABATHA CAMACHO, et al.**<br><br>**Defendants.** | Case No.: 1:25-cv-02645-ABA |

# DECLARATION OF DAVID ESCOBAR, JR. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

I, David Escobar, Jr., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Plaintiff in this action and the father of A.E., a minor student at Chesapeake Science Point Elementary School ("CSPES"). I have personal knowledge of the facts stated below.

2. The Declaration of Dr. Tabatha Camacho (Def. Opp., Ex. 1) includes statements that are inconsistent with CSPES's own written communications to families and with my experience.

3. Dr. Camacho states (¶¶ 5–6) that the BYOD policy "does not require" participation and that "at no time did CSPES require" a device. CSPES's letter to families—which I

attached as Exhibit B to my Complaint—stated: "all students will need to bring their own Chromebook" and "We are unable to provide school-issued devices for every student."

4. Dr. Camacho states (¶ 3) that a Chromebook was issued to my daughter on September 4, 2025. I signed the "CSP Device Usage Agreement" on September 9, 2025. The school year began on or about August 25, 2025. We did not receive the device until mid-September 2025—more than four weeks after school began.

5. Defendants' Exhibit 2 appears to be a copy of the "CSP Device Usage Agreement" that I executed and returned. The second page of that copy is materially less legible than the first page. My copy (Plaintiff's Ex. H) is clear on both pages and bears the notation "Sep 9, 2025." The fact that only page two is degraded is unusual.

6. During this period without a device, A.E. was separated from her peers during digital assignments and given "alternate" work. She also had to use a computer in the classroom that students use to sign in and out for restroom breaks to complete schoolwork. She felt embarrassed by this.

7. The "CSP Device Usage Agreement" (Def. Opp., Ex. 2) states the device is CSP property, that its use is a "privilege, not a right," and that "[u]pon request of a school official, the student shall return" the device. I understand this to mean the device can be taken back at any time.

8. Dr. Camacho states (¶ 6) that "at no time" was a device "required… as a condition of access to educational programs or resources." CSPES's "BYOD Policy FAQ," attached to complaint as Exhibit B, states: "Without this configuration, your device… won't have access to computer-based assessments and assignments."

Nov 10. 2025

**Re: Escobar v. Camacho, et al., No. 1:25-cv-02645-ABA — Attestation of Truthfulness**

I, David Escobar, Jr., Plaintiff, attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the contents of my Response to Defendants' Opposition to Temporary Restraining Order and my Declaration (including all exhibits) filed electronically in the above-captioned case are true and correct to the best of my knowledge, information, and belief. The exhibits are true and correct copies.

Respectfully,

*[signature]*

**David Escobar, Jr.**
1628 Severn Run Ct
Severn, MD 21144
240-429-2465