# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID ESCOBAR JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No.: 1:25-cv-02645-ABA |
| v. | ) |
| | ) |
| **TABATHA CAMACHO,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Yilmaz Zayn Ak, Tabatha Camacho, Dr. Mark Bedell, Board of Education of Anne Arundel County, Chesapeake Lighthouse Foundation, and the Chesapeake Lighthouse Foundation Board of Directors (collectively, the "Defendants"), by counsel, pursuant to FED. R. CIV. P. 12(b)(1) and (6), hereby submit the following Reply Memorandum in Further Support of its Motion to Dismiss Plaintiff David Escobar Jr.'s ("Escobar" or "Plaintiff") Amended Complaint in its entirety, with prejudice.

## I.     INTRODUCTION

Escobar brings this action on behalf of himself and his minor child, A.E., challenging Chesapeake Science Point Elementary School's ("CSPES") Bring Your Own Device ("BYOD") policy. The Amended Complaint should be dismissed in its entirety because: (1) Escobar lacks Article III standing because neither he nor his child suffered any actual or imminent injury, and the policy he challenges is voluntary and provides an option for free school-issued devices; (2) even if standing existed, the case is moot because CSPES subsequently clarified its BYOD policy to confirm that participation is encouraged but not mandatory and that school-issued devices

1

remain available at no cost; (3) Escobar's federal and state constitutional claims are barred by the doctrines of sovereign and qualified immunity, as the Defendants are state actors performing discretionary functions within the scope of their official duties. Accordingly, the Court should dismiss the Amended Complaint in its entirety with prejudice pursuant to Rules 12(b)(1) and 12(b)(6).

II. **ARGUMENT**

    A. **Defendants' Motion Should be Evaluated Under the Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Standards.**

Plaintiff's Opposition states that Defendants' Motion to Dismiss ("Motion") should be evaluated under either Fed. R. Civ. P. 12 or 56 "[b]ecause Defendants rely on declarations and exhibits outside the pleadings, and the Clerk issued a Roseboro notice regarding 'a motion to dismiss or for summary judgment.'" ECF 22 at 1. However, as outlined in detail in Defendants' Motion, the Motion was filed pursuant to Fed. R. Civ. P. 12(b)(1) as to Defendants standing, mootness, and sovereign immunity jurisdictional arguments, and 12(b)(6) as to Defendants qualified immunity argument. *See* ECF 15-1 at 4-6. Accordingly, the applicable standards for Fed. R. Civ. P. 12(b)(1) and 12(b)(6)[1] should apply in deciding this Motion.

As explained in Defendants' Motion, "[i]n the context of such a [Fed. R. Civ. P. 12(b)(1)] motion, courts should 'regard the pleadings as mere evidence on the issue,' and 'may consider evidence outside the pleadings without converting the proceedings to one for summary judgment.'" *Hammons v. University of Maryland Medical System Corporation*, 551 F.Supp.3d 567, 578 (D.Md. 2021) (quoting *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). Further, under Fed. R. Civ. P. 12(b)(1), courts may consider documents and other evidence outside

---

[1] As to Counts I, II, III, IV, V, VIII, IX, X, and XI against Defendants Ak, Camacho, and Bedell in their official capacities.

of the pleadings to resolve standing and mootness issues without converting the motion into a motion for summary judgment where the jurisdictional facts are not so intertwined with the alleged facts going to the merits of the dispute. *Frankel v. United States*, 358 F.Supp. 3d 537, 540 (E.D.Va. 2019), *aff'd*, 810 Fed.Appx. 176 (4th Cir. 2020).

For example, "[t]his overlap of facts often occurs when standing is challenged in cases involving an alleged Fourth Amendment violation." *Schmidt v. City of Norfolk*, No. 2:24-cv-621, 2025 WL 410080, at *3 (E.D.Va. Feb. 5, 2025). "Because standing can only be assessed in this context by definitively determining whether a search occurred and whether such search infringed upon an interest which the Fourth Amendment was designed to protect, such determination is essentially an evaluation of the merits of a plaintiff's Fourth Amendment claim." *Id*. "As such, the Supreme Court and the Fourth Circuit have held the best option in these instances is for the Court to receive evidence and for the entire factual dispute to be resolved by proceeding on the merits." *Id*. (citing *Adams v. Bain*, 697 F.2d 1213, 1217 (4th Cir. 1982)). "This entails either denying the Rule 12(b)(1) motion and proceeding with the case or converting the Rule 12(b)(1) motion into a motion for summary judgment and ruling on that motion once sufficient discovery is complete." *Id*. (citing *Kuntze v. Josh Enterprises, Inc.*, 365 F.Supp.3d 630, 638 (E.D.Va. 2019)).

That is not the case with Defendants' Motion. Defendants acknowledge that they attached documents and evidence outside the four corners of the Amended Complaint. *See* ECF 15-1, Ex. 1-3. However, Dr. Camacho's Declaration, A.E.'s Device Use Agreement, and the updated BYOD policy go directly to the jurisdictional issues of standing and mootness and whether there is a live controversy, <u>not</u> whether the challenged school policy or any other alleged actions taken by Defendants are or are not constitutional. In other words, the standing and mootness arguments set forth in Defendants' Motion, which is where Defendants cite the above-referenced Exhibits, do

not address the individual elements of Defendants' claims. At bottom, whether Defendants required A.E. to use a personal laptop is a threshold factual question for purposes of assessing whether the Court has jurisdiction to hear this case, not an inquiry into the merits of Plaintiff's individual claims. Accordingly, Defendants' standing and mootness (and sovereign immunity) arguments should be assessed pursuant to the standard under Fed. R. Civ. P. 12(b)(1).[2]

### B. There is No Live Case or Controversy.

"To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 457 (4th Cir. 2005) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted)). "The district courts of the United States are courts of limited subject matter jurisdiction." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *Id*. "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." *Id*. (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006)).

As explained in Defendants' Motion, this case must be dismissed in its entirety because the Court lacks subject matter jurisdiction over the claims at issue. This is because there is no live case or controversy in that Plaintiff does not have standing to bring the lawsuit and the issues are moot. "To establish Article III standing, an injury must be 'concrete, particularized, and actual or

---

[2] Defendants' Motion expressly states, "Rule 12(b)(1) governs motions to dismiss for the doctrines of standing, mootness, and sovereign immunity." ECF 15-1 (citing *Hammons*, 551 F.Supp.3d at 578). Defendants Motion argues for dismissal of Counts I, II, III, IV, IV, V, VIII, IX, X, and XI pursuant to Fed. R. Civ. P. 12(b)(6) as to individual Defendants Ak, Camacho, and Bedell in their official capacities under the doctrine of qualified immunity. Defendants' argument pursuant to Fed. R. Civ. P. 12(b)(6) makes no reference to any documents or evidence outside of Plaintiff's Amended Complaint. *See* ECF 15-1 at 13-15.

4

imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 408 (2013) (quoting *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139,----,130 S.Ct. 2743, 2752, 177 L.Ed.2d 461 (2010)). "'Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending.'" *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 565, n.2 (internal quotation marks omitted)). Thus, "'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient.'" *Id*. (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (emphasis added; internal quotation marks omitted). "In other words, a plaintiff must have sufficient 'personal stake in the alleged dispute' <u>and</u> have a particularized injury that a court can remedy." *John and Jane Parents 1 v. Montgomery County Board of Education*, 78 F.4th 622, 628 (quoting *Raines*, 521 U.S. at 819 (internal quotation marks and citation omitted) (emphasis added)).

Plaintiff has failed to allege a current injury. As reflected in the Declaration of Dr. Tabatha Camacho, attached to Defendants' Motion as <u>Exhibit 1</u>, and the A.E. Device Use Agreement, attached as <u>Exhibit</u> 2, CSPES provided Plaintiff's daughter A.E. with a school-issued Chromebook free of charge. *See* ECF 15-1, <u>Exs. 1-2</u>. At no point in time has CSPES or any of the Defendants required A.E. to use or configure a personal device. *Id*. Additionally, Plaintiff has failed to allege a certainly impending injury or a substantial risk of future harm. Even if Plaintiff alleged in the Amended Complaint that for all he knows, his child could be required to use a personal device at some point (he does not), this would be far too attenuated and based entirely on speculative fear on what school administrators <u>might</u> require in the future. *See John and Jane Parent 1*, 78 F.4th at 630-31.

5

And as reflected by the updated BYOD policy implemented by CLF in October 2025, the policy now clearly states that while "[f]amilies are strongly encouraged to send a Chromebook for continuity between home and school; <u>the school will provide a device for in-school use at no cost</u> when needed." ECF 15-1, <u>Ex. 3</u> (emphasis added). Not only does this further show that there is no certainly impending injury or substantial risk of future harm, but it also demonstrates that any court intervention will not redress the alleged harm given that (1) A.E. is already using a school laptop free of charge and (2) the BYOD policy is not mandatory.[3]

Plaintiff's arguments set forth in his Opposition are red herrings and do not change Defendants' arguments but rather strengthen them. Indeed, Plaintiff concedes in his Opposition that contrary to the allegations in his Amended Complaint, his child did in fact receive a school-issued device in September 2025 and that Plaintiff never provided a personal laptop to CSPES for alleged conversion. *See* ECF 22 at 4-5 of 17; *see also* ECF 20-1 at 1-4 of 4.[4] Plaintiff spends an entire section of his Opposition hyper-fixated on whether he signed the Device Usage Agreement on September 4, 2025 or September 9, 2025. *See* ECF 22 at 5-6 of 17. If the Device Usage Agreement signed by Plaintiff states September 9, 2025, and not September 4, 2025, the inadvertent error in Defendants' Motion and attached Declaration of Dr. Camacho was only because of Plaintiff's illegible handwriting and by no means was an intentional misrepresentation

---

[3] It is important to note that the BYOD policy never was mandatory. As reflected in the original BYOD policy attached to the Amended Complaint as Exhibit A, there was always an option to rent a school-issued device. However, the updated policy further clarifies that if a family chooses to opt out of using a personal device, there is an option where the school will provide a device at no cost. ECF 15-1, <u>Ex. 3</u>.

[4] Plaintiff confusingly filed multiple versions of his Opposition on December 4, 2025, as well as multiple filing entries for the Exhibits referenced in the Opposition. For purposes of clarity, Defendants references to the substance of Plaintiff's Opposition cite to ECF 22 and references to the Exhibits to Plaintiff's Opposition cite to ECF 20-1 and ECF 21, since the Exhibits were not attached to Plaintiff's ECF 22, the most recent iteration of the Opposition, yet they were referenced in the substance of the brief.

by Defendants and specifically Dr. Camacho. The apparent "9" under the date section of the Device Usage Agreement signed by Plaintiff (Plaintiff does not dispute this) appears to be a "4." *See* ECF 15-1, Ex 2. Regardless, there is no question that Plaintiff signed the Device Usage Agreement in September 2025, and that his child received a school-issued Chromebook free of charge the same month. *See id.*; *see also* ECF 22 at 4-5 of 17; ECF 20-1 at 1-4 of 4. There is no current injury, and Plaintiff has failed to plead facts sufficient to demonstrate a certainly impending injury. For these reasons, Plaintiff has no standing, and the Amended Complaint must be dismissed.

The same goes for Defendants' mootness argument. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *White Tail Park, Inc.*, 413 F.3d at 457 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLV v. Nike, Inc.*, 568 U.S. 85, 88 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)). Here, there never was an actual controversy with Plaintiff or his child's particular legal rights because (1) the BYOD policy was never mandatory (*see* ECF 5, Ex. A and ECF 15-1, Ex. 1-3) and (2) Plaintiff never provided a personal device or had a personal device configured by CSPES as CSPES provided A.E. with a Chromebook for use free of charge (*see* ECF 15-1, Exs. 1-2). The issues raised in the Amended Complaint were never issues as to Plaintiff or A.E. and therefore the case is moot.

Even if at one point there was an actual controversy (there was not), as explained above, Plaintiff now concedes that he signed the Device Usage Agreement in September 2025, and that his child received a school-issued Chromebook free of charge the same month. *See* ECF 22 at 4-5

7

of 17; *see also* ECF 20-1 at 1-4 of 4. Plaintiff argues in his Opposition that "Defendants thus retain full discretion to: revoke the device at any time—potentially immediately after this suit concludes…and once again insist that A.E. bring a personal device or accept reduced access." *See* ECF 22 at 10 of 17. However, as explained in Defendants' Motion, the BYOD policy was never mandatory, and Defendants did not provide Plaintiff's child with a school issued device just because Plaintiff filed this lawsuit. As reflected in the original BYOD policy attached to Plaintiff's Amended Complaint as Exhibit A, there was always an option to rent a school-issued device. However, the updated policy further clarifies that if a family chooses to opt out of using a personal device, there is an option where the school will provide a device at no cost. *See* ECF 15-1, Ex. 3. For these reasons, the issue is moot, and the Amended Complaint must be dismissed in its entirety.

### III. CONCLUSION

For the foregoing reasons, Defendants Yilmaz Zayn Ak, Tabatha Camacho, Dr. Mark Bedell, Board of Education of Anne Arundel County, Chesapeake Lighthouse Foundation, Chesapeake Lighthouse Foundation Board of Directors respectfully request that this Honorable Court grant its Motion to Dismiss Plaintiff's Amended Complaint in its entirety with prejudice and award any such further relief as the Court deems just and necessary.

Dated: December 18, 2025     Respectfully submitted,

 /s/ Jenna N. Van Middelem
Kelly M. Lippincott, Esq. (15931)
Jenna N. Van Middelem, Esq. (30403)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, VA 22314
202.399.1009
202.800.2999 (Facsimile)
klippincott@grsm.com
jvanmiddelem@grsm.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on December 18, 2025 copies of the foregoing were e-filed and served on all parties via the Court's e-filing system.

                                            */s/ Jenna Van Middelem*
                                            Jenna Van Middelem